## EASTLAND et al. v. OKLAHOMA CITY et al.

No. 16634—Opinion Filed May 25, 1926.

**1. Appeal and Error—Discretion of Lower Court—Rulings on Motions.**

A motion affecting the substancial rights of the parties in an equitable action is addressed to the sound discretion of the trial court, and the ruling thereon will not be reversed on appeal, unless there appears to have been an abuse of discretion.

**2. Motions—Scope of Relief Controlled by Motion.**

However, the moving party who secures a favorable ruling will be confined to the scope and purposes set forth in the motion.

**3. Same—Judgment Sustained.**

Record examined; held, to be sufficient to support judgment on the motion of the defendants in error.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; George W. Clark, Judge.

Motion by the City of Oklahoma City et al. to cause judgment for A. M. Eastland et al. to be set aside on ground of irregularities in procurement. Judgment for movant, and plaintiffs bring error. Affirmed, with directions.

E. E. Blake, Suits & Hall, Gustave A. Erixon, and John Maupin, for plaintiffs in error.

John F. Martin. Municipal Counselor, G. A. Paul, and A. Gray Gilmer, for defendants in error.

Opinion by STEPHENSON, C. A. M. Eastland et al. commenced an injunction proceeding against the city of Oklahoma City et al., to enjoin the latter from levying a paving tax on the property of the plaintiffs. D. B. Welty, assistant municipal counselor, appeared for the defendants. G. A. Paul was associated with the assistant municipal counselor in the trial of the cause. The trial

of the action resulted in a judgment for the plaintiffs. The controversy involved in this appeal had its inception in the proceedings occurring after all the evidence was heard in the trial of the cause. Attorney Paul conducted the defense, mainly, for the defendants. The court completed the hearing of the cause either on May 8th or 9th. It is the contention of the attorneys for plaintiffs in error that the court announced its judgment for the plaintiffs at the close of the trial. It is the contention of the defendants in error that the court announced at the close of the trial that it would take the case under advisement and render a judgment later. A journal entry reciting judgment for the plaintiffs was O. K.'d by counsel for plaintiffs, and D. B. Welty for the defendants on July 25, 1923. The journal entry recited that motion for new trial had been overruled, and gave the defendant 90 days from July 25, 1923, to appeal the cause. Attorney Paul remained in Oklahoma City about 20 days after May 8th. He then went to Washington City, and from there to Europe. He returned to Oklahoma City about September 3, 1923. The time for making and serving case-made did not expire until October 25, 1923. It is the contention of Attorney Paul that he had no notice that judgment had been entered for plaintiffs, and of the journal entry being filed, until October 25, 1923, at which time D. B. Welty made inquiry of him as to whether an appeal would be perfected. Thereupon Attorney Paul filed a motion to set aside the judgment, on the ground that the trial court announced at the time of closing the case that he would take the case under advisement, and later render judgment, advising all parties of the time the judgment would be rendered. Attorney Paul set forth in his motion that on account of the statement of the court in this respect, he went to Washington, and from there to Europe; that he was relying on the information given by the court at the time of the trial, to the effect that all parties would be advised of the date judgment was to be rendered.

On the other hand, the attorneys for plaintiffs testified in the hearing of this motion, that the court announced judgment in favor of the plaintiffs at the close of the trial, and instructed the parties to prepare a journal entry. The journal entry that was prepared and filed in the cause was O. K.'d by D. B. Welty, assistant municipal counselor, who was associated with Attorney Paul in the trial of the cause. At the close of the evidence by the plaintiffs and defendants, in the hearing on the motion, Hon. George W. Clark, who tried the case in the

first instance, dictated quite a lengthy statement into the record, as to his recollection of the matters pertaining to the trial. However, the trial judge did not go farther than to say that he was of the opinion at the close of the trial that the plaintiffs were entitled to judgment. The trial judge, from his statement, did not appear to have an independent recollection as to just what was stated by him at the trial of the cause, and did not recall the matters occurring after the completion of the taking of testimony. Attorney Paul set forth in his motion and his testimony that the filing of journal entry after he left this country, prevented him from filing motion for new trial and perfecting an appeal; that the journal entry reciting that motion for new trial had been filed and overruled was in error.

It appears from the record that the object sought by Attorney Paul, in filing the motion to set aside the judgment, was, in fact, a proceeding to cause the formal judgment to be set aside, so that he might file a motion for new trial and perfect an appeal from the judgment in favor of the plaintiffs. The court denied the motion to set aside the judgment for the purposes sought by the defendants. Thereafter the defendants filed what they denominated as a motion for new trial, which was directed to the action of the court in refusing to set aside the judgment. The hearing on the last motion resulted in the court setting aside its last order, and setting aside the judgment in favor of the plaintiffs. The plaintiffs appealed from the last order and seek a reversal of the same here.

The plaintiffs in error contend that the action of the court in setting aside the judgment on the motion and the judgment rendered in favor of the plaintiffs was without the law and erroneous. The defendants in error filed a motion to dismiss the appeal soon after the same was lodged here, which was denied by the court. The defendants in error renewed the motion to dismiss in their answer brief, and the answer brief is devoted entirely to its contentions that the appeal ought to be dismissed. The question of the dismissal of the appeal has already been disposed of adversely to the contention of the defendants in error.

There is much merit to the contentions of both parties to the appeal, as abstract propositions of law, but this case ought to be considered in the light of the particular facts involved therein. Several irregularities have found their way into this case inadvertently. The defendants in error are not altogether blameless. Attorney Paul must

meet the proposition that he returned to Oklahoma City about September 3rd, and was here from that time until October 25th, and made no inquiry in relation to the status of the case. On the other hand, there is ample ground to suppose that an honest mistake arose among the parties as to what was done at the close of the trial, or what would be done in relation to the rendition of the judgment. It appears to be a fact that no motion for new trial was filed, and that the recital contained in the journal entry, that motion for new trial was filed and overruled, was in error.

As Attorney Paul made it apparent in his motion and evidence that he desired judgment to be set aside merely to enable him to file a motion for new trial to perfect his appeal, and in view of the situation of both parties, it would appear to be more equitable to confine the defendants in error to this relief on the motion. Under all the circumstances, it is not fair to place the plaintiffs in a position where it would require the latter to reintroduce all their testimony and retry the case. This court will not undertake to say what judgment the court ought to have rendered on the evidence and proceedings had in the trial of the cause. But this appeal is affirmed, with directions to the court, which tried the case, to reconsider the evidence and, the proceedings had in the trial, and enter such judgment as seems just and equitable between the parties to the action. This will give the defendants in error all the relief sought by the first motion, and will result in but little inconvenience to all parties. Then motions for new trial may be filed, as might have been done in the first instance, and the cause proceed to its final termination as if the matters complained about herein had not occurred.

The judgment is affirmed, with directions for further proceedings as herein referred to.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 796 § 2753: 2 R. C. L. p. 217; 1 R. C. L. Supp. p. 453; 5 R. C. L. Supp. p. 83. (2) 28 Cy. p. 18 (Anno). (3) 4 C. J. p. 1130 § 3122.